Submitted on brief November 30; affirmed December 20, 1932

## ENEBOE *v.* YATES ET AL.
### (17 P. (2d) 319)

*George D. La Roche* and *E. Pinder,* both of Portland, for appellants.

*Lewis, Lewis & Finnigan,* of Portland, for respondent.

CAMPBELL, J.  Plaintiff entered into a contract with one George Engeldinger and wife whereby he agreed to sell and convey to them lot 8, block 1, Avenue Homes, an addition to the city of Portland, for the full sum of $4,560.  There was a first mortgage on the premises, included in, and a part of the purchase price, for $2,750 which the purchasers agreed to pay as the installments and interest thereon fell due.  They also agreed to pay the taxes and keep the building insured and pay the balance on the purchase price in installments of $35 per month.  Time was made the essence of the contract.  Thereafter George Engeldinger and

wife sold their interest in said contract to defendants who went into possession of the premises. Plaintiff brought this suit for a strict foreclosure of the said contract. At the time of the filing of the complaint, there was past due about $700.

Defendants answered alleging three separate defenses. First, that at one time during defendants' absence from the premises, plaintiff had broken into the house and attempted to dispossess defendants and retained possession of said premises for a period of ten days to defendants' damage in the sum of $500. For a second defense, he alleged an accounting and settlement whereby plaintiff agreed to extend the time. For a third defense, he alleged that all of the delinquent payments had been settled for and paid by a promissory note of defendant's C. Scott Yates, secured by certain collateral and that said note and collateral were accepted by plaintiff as payment.

To this answer, plaintiff filed a reply denying the allegations in each of said defenses.

The cause came on for trial and after hearing the testimony and argument, the court granted a decree as prayed for in the complaint. Defendants appeal.

The only witness called on behalf of plaintiff to the facts, was plaintiff himself and the only witness on behalf of defendants was defendant C. Scott Yates, who was impeached.

Defendants admit that during the months of November and December of 1930 and January, February and March of 1931, they were absent from the premises and they made no payments on the contract during any of these months, but they still kept some of their personal effects in the house. Plaintiff admits

that during the month of March, 1931, he took possession of the premises and retained it for about ten days but surrendered it on demand to defendants. There is not a word of testimony that defendants were damaged by reason thereof.

There is no question of law presented in this case, it is purely a question of fact. There is no dispute as to the amounts. It would serve no useful purpose to quote the testimony at length. Suffice it to say that after a careful reading of the whole record, we arrive at the same conclusion as did the learned trial judge.

The decree of the circuit court will be affirmed with costs.

It is so ordered.